TUCKER *& a.*, *Ap'ts*, v. BEACHAM, *Assignee.*

No decree of distribution of the assets of an insolvent debtor can be made where none of the claims were proved within one month after the filing of the assignment, and further time was not given by the judge of probate upon cause shown.

CLARK, J.   This is an appeal from a decree for distribution of the assets of an insolvent debtor under the statute relating to assignments for the benefit of creditors.   The right of the plaintiffs to appeal as parties aggrieved is not questioned by the defendants.

The time allowed by the statute governing assignments (G. L., *c.* 140 ; Laws of 1885, *c.* 85) for the presentation of claims against the debtor is one month after the filing of the assignment, unless

the judge of probate, upon cause shown, shall give a further time, not exceeding two months additional; and the estate shall be closed, and a final distribution made within one year from the date of the assignment, unless the judge of probate, for good cause, and upon the written consent of a majority in number of the creditors owning a majority in amount of the debts, shall grant further time. Laws of 1885, *c.* 85, *s.* 5.

The assignment was filed January 12, 1887; the list of creditors, January 19; the schedule of assets, January 26; notice to creditors by mail, February 1; assignee appointed February 21 and qualified February 24; assignee's first account returned July 15 and settled November 1; second account filed March 26 and settled May 2. Claims were proved by creditors February 17 and 21, March 15, May 17, 21, 27, June 10, and August 2; the claims of the plaintiffs were proved August 8, 1887. The decree for distribution was made May 5, 1888, and included the claims proved of all the creditors excepting the estate of James S. Huntress, proved August 2, 1887, and the claims of the plaintiffs proved August 8, 1887, which were disallowed because they were not proved on or before May 24, 1887. Creditors who proved their claims on May 27 and June 10 were included in the decree, because the claims had been filed with the assignee before May 24, 1887.

Upon these admitted facts, it appears that no claims were proved within the time allowed by the statute, which is one month after the assignment was filed. Nor was any extension of the time for proving claims asked for by any creditor or ordered by the court, and the decree of distribution was unauthorized. No claims having been legally proved, there was no foundation for a decree of distribution.

The defendants contend that the fact that the claims of creditors proved after the expiration of one month and within three months after the assignment was filed were allowed and included in the decree of distribution, shows an extension of the time by the judge of probate, upon cause shown, and that, if necessary, the record should be amended to show such extension. The admitted facts not only fail to support this position, but they show it to be contrary to the fact. It appears that the judge of probate, the assignee, and various creditors understood that the law allowed three months for proving claims, and no extension of time was supposed to be necessary, and consequently none was applied for or granted. The reasons urged by the defendants are insufficient to sustain the decree. As no debts were legally proved, the decree of distribution was unauthorized. *Morehead* v. *Bank*, 41 N. J. Eq. 664; *Bank* v. *Morehead*, 38 N. J. Eq. 493.

It appears that the plaintiffs have attached the funds in the hands of the assignee on trustee process. Whether the actions can be maintained has not been considered. The statement of

facts in the agreed case is not sufficiently full and definite to determine the rights of the parties without a further hearing at the trial term.   The extent of the decision is, that the decree of distribution was unauthorized, and should be set aside.

*Decree reversed.*

CARPENTER, J., did not sit : the others concurred.

*J. A. Edgerly,* for the appellants.

*Beacham & Foote* and *John Kivel*, for the appellee.