NICHOLS, *Ap't, v.* CASS, *Assignee.*

The statute requiring claims against insolvents to be filed within one month after the assignment (Laws 1885, c. 85, s. 5) is mandatory.

Section 2, c. 100, Laws 1889, allowing proof of claims to be filed after the prescribed time, does not operate retrospectively in a case in which the time had expired before the passage of the act, and some creditors had seasonably filed their claims and others had not.

APPEAL, from a decree of the judge of probate ordering distribution of all the property of Sleeper, an insolvent, who filed an assignment August 9, 1887. The plaintiff is a creditor residing in Massachusetts, and his name is in the list of creditors field by Sleeper. Due notice was given the plaintiff and other creditors.

A statement of the plaintiff's claim was filed in the probate office November 23, 1887: further time for filing it has not been given, and he is not one of the distributees named in the decree.

*C. H. Knight,* for the plaintiff. The case is governed by *s.* 5, *c.* 85, Laws 1885, and *c.* 100, Laws 1889. The purpose of the assignment law is to effect a distribution of all an insolvent's assets among all his creditors (G. L., *c.* 140, *s.* 1), and to give him a discharge in proper cases. Laws 1885, *c.* 85, *ss.* 11, 15. If there is any apparent conflict in the statutes, they should be so construed as to accomplish this general purpose and give effect to the whole. *Barker* v. *Warren,* 46 N. H. 124. The provision of *s.* 5, *c.* 85, Laws 1885, requiring claims to be filed in one month, or, by leave of the judge, in three months, after the assignment, is merely directory; and *s.* 2, *c.* 100, Laws 1889, is a legislative construction of the act of 1885. A literal construction defeats the principal purpose of the law, creates a preference where none was intended, and (the plaintiff being a citizen of Massachusetts) renders the debtor's discharge impossible.

If the act of 1889 is new, and not a mere interpretation of the act of 1885, it is applicable to this case. It impairs no vested right of the debtor, and he does not object to the allowance of the plaintiff's claim. It is for his interest that it should be allowed, in order that he may be released from it if he obtains a general discharge. The defendants in interest are creditors who have no vested right in a particular remedy. A statute affecting the remedy only is not retrospective, and may be applied to pending cases where, as in this case, its operation is not injurious, oppressive, or unjust. Bill of Rights, *art.* 23; *Rich* v. *Flanders,* 39 N. H. 304; *Kent* v. *Gray,* 53 N. H. 576. The defences of usury and the statute of limitations may be taken away by statutory repeal. *Ewell* v. *Daggs,* 108 U. S. 143; *Campbell* v. *Holt,* 115 U. S. 620.

*W. H. Hills,* for the defendant. The purpose of the assignment law is to effect a distribution of an insolvent debtor's assets among all his creditors who comply with its provisions as to the time and manner of presenting and proving their claims. The sum to which each creditor was entitled who seasonably filed and proved his claim was fixed when the time of appeal expired, and his right cannot be divested by subsequent legislation. The provision fixing the time for filing claims is a statute of limitations; and a retroactive law, extending the time and taking away this defence, would be inequitable. *Woart* v. *Winnick,* 3 N. H. 473, 481, 482; *Kent* v. *Gray,* 53 N. H. 576.

DOE, C. J. Claims " shall be filed within one month after said assignment, and all objections thereto within three months after said assignment, unless said judge, upon cause shown, shall give a

further time to any party omitting, not exceeding two months additional; and the accounts . . . shall be rendered within six months after the appointment. . . . The estate shall be closed and a final distribution made within one year from the date of the assignment, unless the judge of probate, for good cause, and upon the written consent of a majority in number of the creditors owning a majority in amount of the debts, shall grant further time." Laws 1885, *c.* 85, *s.* 5. One object of these provisions is a speedy distribution of the estate among creditors, and the limitation of the time for filing claims is mandatory. *Tucker* v. *Beacham,* 65 N. H. 119. The plaintiff did not file his claim within the month, and the time was not extended. For the legal purposes of this case, filing his claim after the prescribed time was the same as not filing it.

By the act of 1889 (*c.* 100, *s.* 2), "at any time before the final decree of distribution, any creditor who has not filed his claim within the time prescribed may file proof of his claim, but no decree of distribution made before the filing of such claim shall be reopened for the purpose of including the claim of such creditor therein." This act took effect on its passage, August 16, 1889. It does not purport to give absolute validity or any qualified effect to past filings that were unseasonable and nugatory. The general presumption is, that the operation of a statute concerning either rights or remedies is intended to be prospective only. *Rich* v. *Flanders,* 39 N. H. 304, 311, 341, 345, 366, 367; *Rowell* v. *Railroad,* 59 N. H. 35; *Paine* v. *Railway,* 59 N. H. 215; *Stilphen* v. *Stilphen,* 65 N. H. 126. The dividend of the other creditors would be affected by admitting the plaintiff as a distributee; and the competent evidence does not show a legislative intention that the law of 1889 should operate as a healing act in such a case.

*Appeal dismissed.*

BINGHAM, J., did not sit: the others concurred.